[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

# RECEIVED

OCT 18 2022

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MAURICE HUNT #70092-097
And Any Similiarly-Situated
Individual

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

22-50360

vs.

Warden Bergami
Warden Gonzales
Warden A. Ciolli
Capt. J. Leonowicz
Capt. J. Hess
Capt. Avery

Lt. (John Doe)
Lt. Sears
Lt. Bowman
Lt. Dugdale (Male)
Lt. Olivares
Lt. Smythe
Lt. Brewer
Lt. Whalden
Lt. Marquez

Lt. Maxey
Register Nurse
FNU Bumgard
Associate Warden
FNU Whittemore
Numerous John and
June Doe's Correctional
Officers

Case No: _____
(To be supplied by the Clerk of this Court)

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

**CHECK ONE ONLY:**

_____ **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983**
**U.S. Code** (state, county, or municipal defendants)

✓ **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE**
**28 SECTION 1331 U.S. Code** (federal defendants)

✓ **OTHER** (cite statute, if known) Federal Tort Claim Act/CFR 552.20
Rehabilitation Act of 1973

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR*
*FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

I.     **Plaintiff(s):**

   A.    Name: MAURICE HUNT

   B.    List all aliases:

   C.    Prisoner identification number: 70092-097

   D.    Place of present confinement: Thomson- USP

   E.    Address: P.O. Box 1002 Thomson, IL. 61285

   (If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D.
   number, place of confinement, and current address according to the above format on a
   separate sheet of paper.)

II.    **Defendant(s):**
   (In **A** below, place the full name of the first defendant in the first blank, his or her official
   position in the second blank, and his or her place of employment in the third blank. Space
   for two additional defendants is provided in **B** and **C**.)

   A.    Defendant: ~~Warden~~ FNU Bergami

         Title: Warden

         Place of Employment: Thomson-USP

   B.    Defendant: FNU Gonzales

         Title: Warden

         Place of Employment: Thomson-USP

   C.    Defendant: A. Ciolli

         Title: Warden

         Place of Employment: (Current-Unknown- No longer at Thomson)

   (If you have more than three defendants, then all additional defendants must be listed
   according to the above format on a separate sheet of paper.)

2                                    Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## II. Defendants

ATTACH SHEET #1

(Cont. from pg. #2 Form)

O. FNU Sears
Facility Lieutenant
Thomson-USP

D. J. Leonowicz
Facility Captain
Thomson-USP

J. FNU Smythe
Facility Lieutenant
Thomson-USP

E. J. Hess
Facility Captain
Thomson-USP

K. FNU Brewer
Facility Lieutenant
Thomson-USP

F. FNU Avery
Facility Captain
Thomson-USP

L. FNU Bumgard
Register Nurse
Thomson-USP

G. FNU Bowman
Facility Lieutenant
Thomson-USP

M. FNU Whalden
Facility Lieutenant
Thomson-USP

H. FNU Dugdale
Facility Lieutenant
Thomson-USP

N. FNU Whittemore
Associate Warden
Thomson-USP

All Defendants Address is
Thomson-USP
1100 One Mile Road
Thomson, IL. 61285

I. FNU Olivares
Facility Lieutenant
Thomson-USP

II. Defendants (Cont.)          Attach Sheet # 1 a.

P. FNU Maxey
Facility Lieutenant
Thomson·USP

Q. FNU Marquez
Facility Lieutent
Thomson-USP

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

III.    **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A.    Name of case and docket number: MAURICE HUNT v. A Ciolli #21-CV-50156 / #21-CV-50459

B.    Approximate date of filing lawsuit: _____

C.    List all plaintiffs (if you had co-plaintiffs), including any aliases: _____
_____
_____
_____

D.    List all defendants: A. Ciolli, et al.,
_____
_____
_____

E.    Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): Northern Dist. of Illinois / Western Div. (Rockford IL.)

F.    Name of judge to whom case was assigned: Philip Reinhard

G.    Basic claim made: Prisoner Civil Rights
_____

H.    Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Pending
_____

I.    Approximate date of disposition: Pending

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

3                                                    Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

# III. List ALL LAWSUITS

ATTACH SHEET #2

Due to the limited amount of Paper Prison Officials provide indigent inmates a week, I am unable to list all previous lawsuits I have filed.

However, I have ~~been~~ accrued "Three Strikes" pursuant to 28 USC 1915(g), Please See District Judge Philip Reinhard order acknowledging this fact in Case # 21-CV-50156 dated 11/15/2021, and, Case # 21-CV-50459 dated 5-24-2022.

I request that this new action proceed under the exception allowed for in 28 USC 1915(g) when a prisoner faces "imminent danger of serious physical injury".

I declare under Penalty of Perjury that the listed defendants knowingly employ a Practice of applying steel-metal restraints in a malicious way as a form of Punishment in violation of Code of Federal Reg. 552.20, that restraints are not to be used as Punishment. I further declare, that the listed defendants actions are deliberately-indifferent to the short term-and long term consequences of serious injury that is caused by the applications of the Metal-restraints, in-conjunction with the length of time such restraints are applied on flesh and blood and bones of human beings. Maurice Hunt   MAURICE HUNT #70092-097
The listed Defendants continue the above Practice up to the date of filing this Civil Action (It's On-going) M.H.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

IV.    **Statement of Claim:**

State here as briefly as possible the facts of your case.  Describe how each defendant is involved, including names, dates, and places.  **Do not give any legal arguments or cite any cases or statutes.**  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  (Use as much space as you need.  Attach extra sheets if necessary.)

(1.) I arrived at Thomson-USP on 1-20-2021. Starting on 7/27-28/2021 thru current (10-5-6; 2022) the listed defendants have knowingly subject me to various forms of Torture Acts. These Torture Acts include the following Physical and Psychological Actions; (a) The application of applying Metal (Hard) Ambulatory Restraints in an Excessively-Tight manner, to my wrist, torso, and ankles. (b) The application of applying "Double Restraints" such as applying Metal restraints (belly-chain afixed to handcuffs and shackles around both ankles) to my limbs and then strapping me to a Pro-Restraint Chair in a sitting position (Straps around the waist, ankles, forearms, and shoulders) fully immobilizing any bodily movements - causing the slowing of blood flow throughout the body as well as swelling, extreme cramping all over my body. (c) The excessive length of leaving me in Hard restraints while knowing of my physical limitations due to disability, with the predictable awareness that I would release inner-bodily waste upon myself numerous times (urine, defecation), and either leaving me straped to a chair or lying on a concrete slab in waste for at least 18hrs. or more

4                                                            Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

(d) The defendants further employ "Sleep Deprivation" tactics by every 15min banging on the cell door demanding I show them the restraints, forcing me to stay awake the entire time I'm in restraints

(e) The defendants either themself or through their staff that they supervise, come to the restraint cell every 15min. demanding that I show them the restraints, while knowing of the weight and form of the restraints against (applied) skin, flesh, blood and bones, that, movement in the restraints necassarily causes bruising, swelling, cuts, damage to the area where the restraints (Metal) are applied, as well causing excruciating pain with complying with the staff order to "Show", hold-up, the restraints.

(2) (a) On or about 7/27-28/2022 the Warden's A. Ciolli and Gonzales Had an implemented unwritten Policy that violated CFR 552.20, by knowingly allowing their Lieutenants to place inmates in full-body restraints and strap the'm to a Pro-Restraint Chair. I was subject to this Punishment on 7/27-28/2022 and all the acts described in paragraph (1) a-e.

(b) On or about 12/21-22/2021 I was again subject to Cruel Punishment as described in paragraph (1) a-e

(c) On or about 1/3-4/2022 I was again subject to Cruel Punishment as described in paragraph (1) a-e

See Attach Sheet #3

5

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

IV. Statement of Claim                    Sheet #3
(Cont. from pg. #5 (form))

(d) On or about 5/19-20/2022 I was again subject to Cruel Punishment as described in paragraph (1.) a-e

(e) On or about 8/1/2022 I was again subject to Cruel Punishment as described in paragraph (1.) a-e.

(f) On or about 9/1/2022 I was again subject to Cruel Punishment as described in paragraph (1.) a-e thru 9/2/2022

(g) On or about 9/22-23/2022 I was again subject to Cruel Punishment as described in parag. (1.) a-e

(h) On or about 10/5-6/2022 I was again subject to Cruel Punishment as described in parag. (1.) a-e.

In each one of the above instances of the unnecessary use of Metal Restraints for Punishment purposes the defendants actions were done "Knowingly or in reckless disregard of Code of Federal Reg. 552.20 prohibition on the use of restraints for Punishment. Further, CFR 552.20 is a Regulation that Prison Officials are required to be aware of and implement as Policy during each of the cited dates above. CFR 552.20 also requires Prison Officials (list Defendants) to utilize "Soft Restraints" prior to applying

Sheet #4

"Hard Restraints" (Metal Restraints). The listed Defendants have ignored U.S. Congress CFR. 552.20 reg. when applying restraints and have always, without just cause, applied "Hard Restraints" to me.

The following individuals were involved in the acts as described above in parag. 1 a-e and dates in parag. 2, a-h. From 7/27/2021 thru Jan. 3-4, 2022 Warden(s) A. Ciolli and Gonzales were directly involve in the approval of the use of "Hard Restraints" as a form of Punishment applied Cruelly against me. On 5/19/2022 thru 10/6/2022 Warden(s) Gonzales and Bergami were directly involve in the approval of the use of "Hard Restraints" as a form of Cruel Punishment against me;

the following listed defendants were task with carrying out either the Wardens direct approval of hard restraints or Knowingly and/or negligently applied such restraints on their own authority onto MR. Hunt;

Facility Captains J. Leonowicz, J. Hess, and FNU Avery were all directly involved in authorizing their Lieutenants to utilize Hard Restraints onto me during the dates alledged above in parag. 2 a-h. And were directly involved in the extended amount of hours to days MR. Hunt would remain in such Hard Restraints, disabled, and unable to access a Handicap-accessible Toilet in the Restraint Cell. Captain(s) Leonowicz, Hess, and Avery knew or should have known of the Congressional Policy in CFR. 552.20, as they are Federal Agents operating a Federal Prison in Thomson-USP, and ignored or failed negligently to abide

Sheet #5

by Congress's mandates in CFR 552.20, which they are required to follow/abide by, by law.

The above allegations as describe of the Wardens and facility Captains applies equally to Associate Warden Whittmore through the dates Aug. 1st thru Oct. 6th, 2022. A.W. Whittmore is directly responsible for the approval of the Captains continous placement of me in "Hard Restraints", and, knew or was negligent in allowing the applications of Hard Restraints, sleep deprivation tactics, the deprivation of access to a toilet, by his facility Captain(s).

The above allegations as described of the Wardens, Captains, A.W., applies equally to the ~~ffff~~ following facility Lieutenants and the dates corrosponding with incidents thereof;

July 27-28, 2021 involved Lieutenant Dugdale (Male)
Dec. 21-22, 2021 involved Lt. Olivares, Smythe, Bowman
Jan. 3-4, 2022 involved Lt. Brewer, Bowman, Olivares
May 19-20, 2022 involved Lt. Brewer, Sears, Bowman
Aug. 1, 2022 involved Lt. Maxey
Sept. 1-2, 2022 involved Lt. Maxey, Sears
Sept. 22-23, 2022 involved Lt. Maxey, Sears, Whalden
Oct. 5-6, 2022 involved Lt. (unknown), Olivares, Whalden

Sheet #6

As to the "Sleep Deprivation" tactics employed by numerous unknown C/O's after an extensive amount of time I was in restraints and the inability to stretch I became mentally and physically exhausted and each time I was in restraints I attempted to go to sleep, C/o's would appear at the cell every 15min. and bang on the cell door and demand I show them my restraints.

On the following dates I was in restraints approx. ;

July 27-28, 2021 - just over 24 hrs/without break
Dec. 21-22, 2021 - 24 hrs.
Jan. 3-4, 2022 - 14-16 hrs.
May 19-20, 2022 - 20-22 hrs.
Aug. 1st, 2022 - 8-10 hrs.
Sept. 1-2, 2022 - 24 hrs.
Sept. 22-23, 2022 - 24 hrs.
Oct. 5-6, 2022 - 28 hrs.

"Coercion Tactics", the Sleep Deprivation tactic is employed and must be considered in conjunction with the excessively-tight applications of restraints, at times, the listed defendants used these methods to coerce me into agreeing to accept placing myself in / or continue to be, in a dangerous-threat to my safety situation involving being housed with known cellmates with a history of assaulting physically or sexually their cellmates or being in the cell with a cellmate after being physically or sexually assaulted.

Sheet #7

The following dates either involved my refusal to stay in
the cell with an inmate after being assaulted or refusing to allow
a known inmate that was a threat to my safety into the cell.

① Dec. 21-22, 2021 - refused to go in the cell with inmate James Wilson
after 24hrs. in restraints I succumb and went in the cell with inmate
J. Wilson where I was physically and sexually assaulted multiple times.
On Dec. 24th, 2022 I filed a PREA (Prison Rape Elimination Act) complaint
against inmate J. Wilson and he was removed from the cell.

② Jan. 3-4, 2022, after being physically and sexually assaulted by
inmate Renee Lukner and numerous BOP employees ignoring my complaints
of abuse, I became disruptive to get out the cell with inmate R. Lukner
Once out the cell, I informed Lt. Brewer on video recording that I was
a victim of sexual assault. I was still placed in restraints until the
next day.

③ May 19th, 2022 I refuse to stay and accept inmate McBrady Betts
into my cell, who, had a known history to me of sexually-assaulting his
cellmates. I and inmate M. Brady had previously been cellmates and
were separated after confrontation on 7/17/2021. I was placed in
"Hard Restraints" for 20-22 hrs. for refusing to cell with him, again.

Sheet #8

④ On Sept. 1-2, 2022, Prison Officials attempted to place inmate Kentrell Willis in the cell with me. I refused him and informed Lt. Maxey that I had "Snitched" by filing a PREA complaint against his fellow-gang member Anthony Collier for sexual assault while my cellmate on June 20th, 2022. That, inmate K. Willis had previously threaten to assault me if he ever got a chance for telling on his fellow "Gangster Disciple" from Chicago. For refusing inmate Willis I was placed in "Hard Restraints" for 24 hrs.

As to the above incidents, each time I was placed in restraints the various Lieutenants would come in the restraint cell and coerce me to go back in the cell with the same inmate I was complaining about while threatening me that I would remain in restraints as I continue to refuse - this was punishment and coercion employed.

"Rehabilitation Act Violation"

On or about Feb/March 2022 I was informed by Lt. Brewer that Warden A. Ciolli and Gonzales were ordered by Central Office to stop placing inmates in the Pro-Restraint Chair as it was never authorize by the BOP for use. About this time, these restraint chairs were removed from the housing units and to my knowledge I and other inmates have not been tortured in these chairs since.

Sheet #9

However, I have still been subject to full Metal restraints as Punishment since the removal of the restraint chairs. I am a physically-disabled inmate, who suffers from partial-paralysis on my lower left side. I also have a herniatic-disk in my back.

When the Facility Lts place me in full "Hard Restraints" I am effectively immobilize. Everytime I'm placed in a Restraint Room my wheelchair is confiscated and the cell is not handicap-accessible with rails or grab bars around the bed or toilet. I am forced to remain on the bunk and urinate and defecate on myself several times throughout the duration I am in restraints. Other inmates that are routinely placed in restraints in the restraint cell are able to access the toilet as they are not disabled and can walk to the toilet.

All the listed Defendants are aware of my physical-limitations prior to me being placed in restraints and restraint cell.

The placement of me in restraint rooms that are not handicap-accessible is part of the "Coercion Tactics" of making me aware that I will lie in urine and feces as long as I don't agree to their demands, by way of knowing I can't reach the in-cell toilet (services) that other inmates can access while restrained.

Sheet #10

# LACK OF MEDICAL TREATMENT

Each and Everytime I've been placed either in the Pro-Restraint Chair or Hard (Metal) Restraints, after such restraints were removed I never received any Medical treatment for the injuries I incured from the restraints, even though my wrist's were visibly swollen, bruised, blistered, cuts, to the Medical Personnel that were conducting an every 2-4hrs. vitals check (which is mandated by BOP Policy) while I was in restraints, I have requested numerous times medical help for my injuries and each time the Medical Staff at Thomson, (Register Nurses Bumgard, Sweeney, Horst, Garcia, Simcox, Schwartz, Joblin, Marsh,) refuse to provide me with Medical Treatment.

I now suffer from chronic-hand/fingers cramps that last for hours at a time. I have to bend my fingers and hands in different directions to loosen them up. I have constant pain shooting from my wrist's up my hands and into the opposite direction up my forearm's. I lose the ability to utilize my hands for hours at a time. Can't write, push the wheels on my wheelchair, can't dress myself, tie shoes, draw, hold a spoon while eating, etc..... I fear I have extensive nerve-damage or muscle-tissue damage in my wrist's. I also have scarring around my torso from the application of the belly chain, as well as around my ankles from the shackles. Thomson Medical Dept. refuses to refer me to be seen by a Neurologist for my injuries stemming from Metal restraints application over long periods of time.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**V.    Relief:**

State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.

I am requesting this Court to immediately order Thomson's Wardens to comply with CFR 552.20 and utilize soft restraints in place of Metal restraints. I'm requesting an Order directing Thomson Warden to provide me the necessary Medical Attention to mitigate the on-going injuries to my hands/wrist, forearms. I am further requesting Punitive and compensatory damages in the amount of Ten Million dollars. I am requesting any other orders this Court deems necessary and just. m.H.

**VI.    The plaintiff demands that the case be tried by a jury.**  ☑ YES m.H.    ☐ NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief.  I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this ___Oct___ day of ___11th___, 20__22__

_(Signature of plaintiff or plaintiffs)_

MAURICE HUNT
(Print name)

# 70092-097
(I.D. Number)    Thomson-USP
                 P.O. Box 1002
                 Thomson, IL. 61285
(Address)

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]